UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
JENNIFER MILLER,                        :
                         Plaintiff  :
    -against-                        :   AMENDED COMPLAINT
                                      :   AND JURY DEMAND
                                      :
                                      :   No.    13-cv-7157-AKH
THE CITY OF NEW YORK, and               :
POLICE OFFICERS JULIE TOWLE and         :
GERALD MCDOUGALL of the NEW YORK        :
CITY POLICE DEPARTMENT,                 :
                                      :
                   Defendant(s),    :
_____x

PRELIMINARY STATEMENT

       1.    This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICERS JULIE TOWLE and GERALD MCDOUGALL of the New York City Police Department ("NYPD"), arising out of the false arrest, unlawful imprisonment, and assault and battery of JENNIFER MILLER.

       2.    On July 11, 2012, OFFICERS TOWLE and MCDOUGALL and other members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention, and assault and battery for acts of which plaintiff was innocent.

       3.    This unconstitutional and unreasonable seizure of the plaintiff and her property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

       4.    The Plaintiff, JENNIFER MILLER, through her attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

5. This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

6. The amount in controversy exceeds $75,000.00 excluding interest and costs.

7. Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Southern District of New York, particularly New York County.

## PARTIES

8. Plaintiff at all times relevant hereto resided in the City and State of New York, County of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

10. The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

11. That at all times hereinafter mentioned, and on information and belief, the defendants TOWLE and MCDOUGALL and other members of the NYPD were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

12. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

13. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their

official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK; and that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

14. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## NOTICE OF CLAIM

15. Within 90 days of the occurrence of the incident, plaintiffs filed written Notice of Claim with the City of New York. This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

16. On July 11, 2012, at approximately 10:30 p.m., plaintiff was in her apartment in the vicinity of 95 Delancey Street, NY, NY when she heard loud noise coming from a bar called the DL located at 95 Delancey Street.

17. The noise, loud music, was so disruptive that plaintiff called 311 multiple times to complain.

18. When her complaints were ignored the plaintiff left her apartment and went to 95 Delancey Street to express her displeasure with the blaring music that was being played at the DL.

19. When the DL refused to lower the music, plaintiff continued to complain about the noise and the DL called the police.

20. When the police arrived they refused to have the DL lower the music and instead arrested the plaintiff when she continued to complain about the noise.

21. The police pushed the plaintiff out of the DL causing her to bang into a mailbox.

22. Members of the NYPD then handcuffed the plaintiff.

23. Although the plaintiff pleaded with the police to let her go because she had an animal at home that she needed to care for, the police ignored her.

24. When the plaintiff complained that the handcuffs were too tight and that she was experiencing numbness in her wrist one of the police officers taunted her by waiving the keys to the handcuffs in her face and saying that we should have brought the furry handcuffs.

25. The plaintiff was then strapped down to a gurney and placed in an ambulance which forcibly and inexplicably took her to Bellevue Hospital where she remained for approximately 13 hours before she was allowed to leave.

26. At no time was the plaintiff charged with any crime.

27. As a result of these actions plaintiff suffered bruising to both arms and her left leg.

28. As a result of the NYPD handcuffing her left arm so tightly, plaintiff experienced numbness in her left arm for over a week.

29. To date the plaintiff continues to experience pain in her left wrist as a result of her unlawful arrest.

30. Plaintiff suffered emotional distress, including nightmares, because of her arrest and detention.

31. Because of defendants' conduct, plaintiff was imprisoned, detained, restrained and against her will and was unlawfully deprived of her liberty and property.

32. The arrest of the plaintiff was committed by the defendants without legal process and without probable cause.

33. The plaintiff remained in custody for approximately 13 hours.

34. Defendants acted maliciously and intentionally.

35. As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, loss of liberty and property and physical injury.

## FIRST CLAIM FOR RELIEF
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

36. Paragraphs 1 through 35 are herein incorporated by reference.

37. Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

38. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

39. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(MUNICIPAL LIABILTY)

40. Paragraphs 1 through 39 are incorporated herein by reference.

41. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

42. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

5

43. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

44. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

45. Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

46. Defendants subjected plaintiff to false arrest and false imprisonment.

47. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(FOURTH AMENDMENT)

48. Paragraphs 1 through 47 are incorporated herein by reference.

6

49. Defendants OFFICERS JULIE TOWLE and GERALD MCDOUGALL arrested plaintiff subjecting her to false arrest, imprisonment, deprivation of liberty without probable cause, and excessive force.

50. That as a result of the foregoing, the plaintiff has been deprived of her following rights, privileges and immunities secured to her by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

51. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendants in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
(FOURTEENTH AMENDMENT)

52. Paragraphs 1 through 51 are incorporated herein by reference.

53.    Defendants OFFICERS JULIE TOWLE and GERALD MCDOUGALL illegally arrested plaintiff subjecting her to false arrest, imprisonment and deprivation of liberty without probable cause.

54.    That as a result of the foregoing, the plaintiff has been deprived of her following rights, privileges and immunities secured to her by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

55.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
(ASSAULT & BATTERY)

56.    Paragraphs 1-55 are incorporated herein by reference.

57.    Defendants OFFICERS JULIE TOWLE and GERALD MCDOUGALL of the New York City Police Department without just cause, willfully and

maliciously touched plaintiff without her authorization and used physical force on plaintiff, causing plaintiff to suffer physical and emotional injuries

58. Defendants touched plaintiff without her authorization as set forth in the factual allegations above.

59. Defendants committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

60. Defendants' acts described above constituted excessive force under the Fourth Amendment.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
April 25, 2014.

BROMBERG LAW OFFICE, P.C.

/s/ Brian L. Bromberg
By: Brian L. Bromberg
One of Plaintiff's Attorneys


**Attorneys for Plaintiff**

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 248-7906
Fax: (212) 248-7908

Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 385-1373
Fax: (212) 202-4036